NEW YORK,
May, 1824.

Jackson
v.
Cannon.

---

## JACKSON, *ex dem.* BRADSTREET, *against* CANNON.

EJECTMENT. The parties had, without trial, agreed upon a special verdict; and the plaintiff had agreed to a certain deed, to be produced by the defendant, and made a part of the verdict; and an entry according to the deed, material to the question upon the statute of limitations, which arose in the cause. The argument upon the verdict had been several times noticed by the plaintiff, and at the last October term, it was argued provisionally, that the defendant should produce the deed afterwards, for the examination of the Judges, as a part of the verdict. On its being produced, the lessor of the plaintiff discovered, as she alleged in her affidavit, that the description in the deed was broader than she originally supposed, and that the admission of the entry according to this deed, was by mistake, and affidavits were

*The court will not, on affidavit, amend a special verdict agreed upon by the parties, without trial. But if there appear to have been a mistake as to a material fact, by either party, in framing the verdict, they will order it to be vacated on payment of costs.*

NEW YORK,
May, 1824.

Jackson
v.
Cannon

read on both sides, to the point of the alleged mistake; upon which,

*A. Burr,* for the plaintiff, moved to amend the verdict according to the fact.

*J. O. Hoffman,* contra.

*Curia.* The verdict was drawn up and agreed upon without trial. The affidavits are conflicting as to the extent of the entry and claim, under this deed, which we perceive will be a material point of inquiry, in reference to the statute of limitations. The verdict being, by consent, an amendment upon this motion, is out of the question. We amend these verdicts, where there has been a trial, upon which the facts have come under the view of the Court and jury; but in such cases, we have something to amend by. Here there is nothing. We cannot settle this case between the parties. We must either refuse our interposition entirely, or send the cause to a jury; and we are inclined to put the facts in a train for decision, by adopting the latter course. This cannot injure the defendant. His possession remains, in the mean time, undisturbed. The proceedings on his part have, to this moment, been perfectly regular; and we think the verdict should be set aside, on payment of all the costs by the plaintiff; that the cause should go to trial upon the facts disputed here; and that the other facts stated in the verdict be taken as admitted.

*Hoffman,* suggested that as the proceeding was amicable, it might well be, that several of the matters stated in the verdict, were conceded on the part of the defendant, in a spirit of compromise, and he might, under the new state of things, produced by this motion, deem it his interest to controvert them upon the trial; and

*The Court,* in order to save the rights of the defendant in this particular, directed a

RULE : " That the special verdict be vacated, on payment by the plaintiff of all costs accrued since issue joined; and that such payment be within 30 days."